IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

   Plaintiff,

vs.              Case No. 04-10184-JTM

JAMES A. BIRD,

   Defendant.

**MEMORANDUM AND ORDER**

  This matter comes before the court on the defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255. Defendant argues he received ineffective assistance of counsel because his trial counsel: 1) failed to obtain his cell phone records; 2) failed to request voice exemplars; and 3) failed to employ and call a computer forensics expert. Defendant states that his now-obtained cell phone records indicate that he could not have been present for certain phone calls from the victims, which would provide the jury a basis for reasonable doubt.

  On July 29, 2004, a Grand Jury indicted defendant James A. Bird on multiple counts of wire fraud in relation to items placed for bid on eBay, an internet auction service. The indictment alleged that beginning February 2003 until April 2003, defendant "sold" watches and golf clubs that he did not own or have in his possession, securing payment but never delivering the items. On March 18, 2005, a jury convicted defendant James A. Bird on twelve counts of wire fraud in relation to the eBay auctions. Defendant directly appealed his case to the Tenth

Circuit but then requested dismissal of the appealed action. Defendant then filed this motion to vacate alleging ineffective assistance of counsel.

**A. INEFFECTIVE ASSISTANCE OF COUNSEL**

"The Sixth Amendment guarantee of effective assistance of counsel 'demands that defense counsel exercise the skill, judgment and diligence of a reasonably competent defense attorney.' " United States v. Burch, 160 F. Supp.2d 1204, 1207 (D. Kan. 2001) (quoting Dyer v. Crisp, 613 F.2d 275, 278 (10th Cir.) (en banc), cert. denied, 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980)). To establish a claim for ineffective assistance of counsel, a defendant must show that: 1) his counsel's performance was constitutionally deficient; and 2) counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defendant bears the burden of showing that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Counsel's failure must fall below an objective standard of reasonableness. Id. at 690. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." Kimmelman v. Morrison, 477 U.S. 365, 381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (citations omitted). To show prejudice, defendant must demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Defendant alleges that his phone records establish he could not be on two phone calls at once. His Sprint cell phone indicates that defendant was on his cell phone on April 6, 2003, from 2:53 p.m. until 3:01 p.m., or approximately 8 minutes. FX-Solutions phone bill indicates that

someone was on the landline on the same date at 3 p.m., 3:10 p.m., and again at 3:11 p.m.  As another example, defendant argues that he was on his cell phone on April 15, 2003, from 4:52 p.m. until 5:12 p.m., making it "incredible" for him to have also initiated a 12 second phone call at 4:56 p.m. on the same date.  Defendant argues that the overlap of phone calls presents reasonable doubt that defendant was on both phones.  He also indicates that his counsel repeatedly agreed to obtaining cell phone records but failed to follow up.

    Defendant's argument is flawed.  The mere overlap of two phone calls does not provide a basis for questioning the jury conviction.  In a busy office place, multiple phone lines may be used at once, sometimes even by the same person.  Although defendant alludes to the fact that he may have been out of the office or traveling on business, he presents no evidence that he was out of the office anytime during February to April 2003.  For example, if he were out of town, he may have receipts from his business trip or may have indicated to his counsel that he was out of the office at the time the calls on FX-Solutions landline occurred.  It seems incredible to assume that the only way defendant can recall his location is by triangulating his cell phone calls to determine his location.  Such investigation would have been onerous and possibly unfruitful, particularly if defendant could not provide his counsel with some basis for such an investigation.  Although counsel initially may have agreed to obtaining phone records, counsel's failure to follow up is not so serious as to render his performance constitutionally deficient.  Further, it is not clear whether defendant was actually prejudiced by the lack of phone records.  At best, defendant presents two instances where he arguably may not have been responsible for the phone call from FX-Solutions.  This, however, does not absolve defendant of any involvement in the charged crimes because of other circumstantial evidence.  Even if defendant were successful in

presenting some doubt, he would still have to overcome considerable evidence explaining why money from eBay sales were deposited into his personal bank account. Under these circumstances, defendant cannot show prejudice.

Next, defendant argues that his counsel should have requested voice exemplars. The backdrop to this argument is that defendant had been denied an opportunity to present his defense. Since the court ruled that Dallen Harris could not be questioned about his prior eBay activities and that other questions may be subject to the Fifth Amendment privilege, defense counsel chose not to call Harris. As a result, defendant did not fully present his theory of defense: that Harris was responsible for the eBay sales. Under these circumstances, defendant argues that his attorney should have requested voice examplars. Counsel did not behave inappropriately in choosing not to use voice examplars, particularly because of the passage of time from the eBay sales and the criminal trial. Counsel's decision not to use voice exemplars is not an error so serious that counsel failed to fulfill his constitutional duties. The court does not believe defendant was prejudiced or the outcome of the trial would have been different with this evidence, considering the other evidence on the record linking defendant with the sales.

Finally, defendant argues that counsel should have called a computer forensics expert. Although a computer forensics expert from the public defender's office attended one of defendant's meetings with his counsel, counsel chose not to use an expert because he believed such experts were "hedgy." Bringing a computer forensics expert to a client meeting suggests that counsel conducted some level of investigation into employing an expert. However, defense counsel used his professional judgment not to use a computer forensics expert and instead had defendant explain these issues at trial. Counsel's decision does not make his performance

constitutionally deficient. The decision appears objectively reasonable. There is also no evidence that counsel's deficient performance resulted in prejudice.

Taken together, these three alleged errors do not provide a sufficient basis for finding ineffective assistance of counsel. Defendant ignores the strategy counsel did employ, including permitting defendant to testify and attempting to distinguish defendant's style of writing e-mail messages. The court finds no constitutional deficiency or prejudice in trial counsel's approach. Counsel appeared to explore several options in defending defendant, but these were of no avail considering the record evidence linking defendant to these transactions.

**B. EVIDENTIARY HEARING**

Defendant next asks this court for an evidentiary hearing on his motion.

In a 28 U.S.C.§ 2255 case, the district court is not required to grant an evidentiary hearing. The relevant statute provides: "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. For the reasons already set forth above, the court finds an evidentiary hearing unnecessary. The motion, files and records conclusively show that defendant is not entitled to relief on his claim of ineffective assistance of counsel. Trial counsel's decision to use certain tactics versus others are an issue of judgment. Counsel showed diligence in considering several options, though he did not pursue all options.

**C. CERTIFICATE OF APPEALABILITY**

Finally, defendant asks this court for a certificate of appealability.

Under 28 U.S.C. § 2253(c), no movant may appeal a district court's decision denying a writ of habeas corpus without a certificate of appealability issued by a district judge or circuit judge.  28 U.S.C. § 2253(c)(1).  The certificate of appealability may be issued only if the petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  See Lennox v. Evans, 87 F.3d 431, 433 (10th Cir. 1996), overruled on other grounds by United States v. Kunzman, 125 F.3d 1363 (10th Cir. 1997).  The Supreme Court has consistently held that this is a low standard.  Miller-El v. Cockrell, 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003).  A petitioner meets the threshold by demonstrating that the issues are debatable among reasonable jurists, that a court could resolve the issue in favor of petitioner, or that the questions are adequate to deserve encouragement to proceed further.  Lozada v. Deeds, 498 U.S. 430, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991); Barefoot v. Estelle, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3395 n. 4, 77 L.Ed.2d 1090 (1983).  In making its determination, the court reviews the claims in the habeas petition and makes a general assessment of their merits.  Miller-El, 537 U.S. at 322.  While petitioner is not required to prove the merits of his case, petitioner must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his or her part."  Id. at 329 (citations omitted).

At present, this court denies defendant's request for a certificate of appealability.  There has not been a substantial showing of a denial of a constitutional right.  Although this standard is quite low, the court does not view the issue as debatable amongst reasonable jurists.  Questioning the decisions of trial counsel is not the equivalent of a constitutional ineffective assistance of counsel claim.

IT IS ACCORDINGLY ORDERED this 13th day of June 2006, that the court denies defendant's Motion to Vacate (Dkt. No. 79).

                                                s/ J. Thomas Marten
                                                J. THOMAS MARTEN, JUDGE